## Case No. 7,392.

JOHNSON v. JUMEL.

[3 Woods, 69.] [1]

Circuit Court, D. Louisiana. April Term, 1877.

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

John Ray and H. J. Campbell, for petitioner.

J. C. Egan, Asst. Atty. Gen., of Louisiana, for defendant.

BILLINGS, District Judge. The substance of the petition is, that the petitioner was a candidate for the office of auditor of public accounts of the state of Louisiana at the election held on the 7th of November, 1876; that voters in various parishes who were entitled to vote were denied the right to vote at said election on account of race, color or previous condition of servitude, to the number of 10,000; that the officers known as the returning board were by law vested with complete jurisdiction to correct the errors and wrongs which had then arisen in these various parishes, and that they did

make such corrections and returned the petitioner elected to said office; that he was duly commissioned and entered upon and enjoyed the possession of said office for the period of four months, when he was forcibly ejected by a government established by domestic violence, insurrection and revolution; that the claim or pretense upon which they have ousted him from his office is that the petitioner was not elected, and that the votes which were cast in the parishes in which the right to vote was denied should be counted against him. According to the allegations of this petition, petitioner has not been defeated or deprived of any election; but, on the contrary, was elected and was declared elected by the competent state authority, was duly commissioned, and retained his office for the period of four months. True, there had been an unsuccessful attempt to defeat petitioner by an exclusion of votes in the various parishes, but he avers that that attempt had been completely thwarted by the tribunal which had the final revision of the returns. Every vote that was cast, or was attempted to be cast, for the petitioner and against the defendant had, according to his allegations, full effect given to it, and was finally and effectively counted by the board of returning officers. He has thus, so far from having been defeated, succeeded in an election, and instead of having been deprived of an election, has secured an election, and four months after the election has been deprived, not of an election, but of an office, to which he has been elected and authoritatively declared elected; and he has been deprived of an office, not by the exclusion of votes for any reason, but by force, which took the proportions of a revolution. The statute under which jurisdiction is given to the circuit court is set forth in the act of May 31, 1870. § 23 (16 Stat. 146; Rev. St. § 2010), as follows: "That whenever any person shall be defeated or deprived of his election to any office, except elector of president or vice-president, representative or delegate in congress, or member of a state legislature, by reason of the denial to any citizen or citizens, who shall offer to vote, of the right to vote, on account of race, color or previous condition of servitude, his right to hold and enjoy such office and the emoluments thereof shall not be impaired by such denial, and such person may bring any appropriate suit or proceeding to recover possession of such office, and in cases where it shall appear that the sole question touching the title to such office arises out of the denial of the right to vote to citizens who so offered to vote on account of race, color or previous condition of servitude, such suit or proceeding may be instituted in the circuit or district court of the United States of the circuit or district in which such person resides."

From this it appears that the cases in which the circuit courts have jurisdiction of such actions as this are limited to those in which it shall appear that the sole question touching the title to such office arises out of the denial of the right to vote, to citizens who so offered to vote, on account of race, color or previous condition of servitude, and that the jurisdiction of the circuit court is only given to the extent of determining the rights of the parties to such office, by reason of the denial of the right guaranteed by the fifteenth article of amendment to the constitution of the United States.

There is no doubt that the scope of this statute, under the limitations which it contains, extends from the first act required to be done in the matter of an election down to and including the final and effective canvass of the votes by the officers who are charged with the duty of determining and certifying the result. If, in any of the stages of an election, in registration, in the receipt of votes, the certificates of the votes by the local authorities, or the final canvass of the votes or the certificate of election by the returning board, there had been such a denial of the right to vote as the statute contemplates, on account of race, color or previous condition of servitude, that matter this court would have had, under the act of congress. jurisdiction to inquire into and adjudicate upon, and it could determine the rights of the parties to office, so far as they depended upon the denial of the right guaranteed by the fifteenth article of the amendment to the constitution. But the jurisdiction of the court begins and ends with denial of the right to vote.

If, therefore, there is a preliminary exclusion or an exclusion at the polls, and that error is corrected by the proper state authorities and there is no final and effective exclusion of votes or discrimination, or if after an election has been held and the result reached and declared without discrimination or exclusion from any cause, the person elected is deprived of his office. then the statute closes the doorway upon the jurisdiction of this court. The defeat of a candidate at an election or his deprivation of an election, must be accomplished by the machinery of the election, in one of its stages, and must be contained in the result. If the election terminates in the success of the candidate, the essential ground of jurisdiction on the part of this court is wanting. The wrong which the petitioner sets forth is, that after being elected and installed, he has not been retained in the office. The object of the statute was to secure an election free from all possible exclusion on any of the specific grounds. It secured this object by giving to this court jurisdiction to correct, through this form of action, such exclusion effected by the machinery or practices attending the election. When, as the petitioner alleges, all this has been accomplished, and the very result aimed at by the statute has been worked out

and declared, the statute gives no jurisdiction over a cause merely to enable a party to physically retain or regain an office to which he had a title established by an election, and from which he has subsequently been ejected. In this case the question by virtue of which the court could take jurisdiction, and by the terms of the statute it must be unmixed with any other question, is not presented. According to the allegations of the petition, the election had been completed for four months when the ouster took place, and his loss of office is as independent of any denial of the right to vote as if he had been ejected by a government set up by a foreign invasion, claiming authority by the right of conquest.

Let the demurrer be sustained and the petition dismissed.